### Tackett v. Commonwealth.

(Decided December 4, 1923.)

### Appeal from Pike Circuit Court.

Criminal Law—Affidavit Held Not to Show Ground for New Trial Because of Conviction in Defendant's Absence.—Affidavit for new trial stating that accused's father went to the Commonwealth's attorney and asked that accused be released and allowed to return home because his wife was sick, and that his wife was sick, and that upon his return home he was immediately notified that the Commonwealth's attorney had forgotten to continue the case, held not to show an agreement on the part of the Commonwealth's attorney to continue the case and hence not to warrant a new trial by reason of his conviction in his absence.

WILLIS STATON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who was tried in his absence and convicted of a violation of the prohibition act, asked and was re-

fused a new trial on the grounds set forth in the affidavit, the material parts of which are as follows:

"The affiant states that he came to Pikeville Monday, September 10, and that his father, David Tackett. Sr., went to the Commonwealth's attorney and asked the Commonwealth's attorney that he be released and allowed to return home, because his wife was sick; he states that it is true that his wife is in bad health and looking to be confined at once and he is afraid to remain away from her and is at the time, and he states that she is afflicted with tuberculosis of the lungs and is a very weakly woman and she needs his care and attention, especially at this particular time, and until she is delivered, and that he does not live near any other house, and seven or eight miles from a doctor and out in a rural district; he states that he returned home and was immediately notified that the Commonwealth's attorney, when the case was called, had forgotten to continue his case and which resulted in a default judgment against him, and that he is not guilty of the charge; he states that he was indicted as a result of the same facts and circumstances of which his brother, David Tackett, was indicted, or on which he was tried this the 11th day of September and acquitted."

If it had been made to appear by an uncontradicted affidavit that the Commonwealth's attorney had agreed to continue appellant's case on account of the illness of his wife, and had forgotten to do so, it would have been error to refuse a new trial, but no such case is presented. It will be seen that the affidavit, when properly condensed and analyzed, merely alleges that appellant's father went to the Commonwealth's attorney and asked that appellant be released and allowed to return home because his wife was sick, and that his wife was sick, and that upon his return home he was immediately notified that the Commonwealth's attorney had forgotten to continue the case. There is no allegation that the Commonwealth's attorney ever agreed to a continuance, or consented that appellant return to his home. It follows that the court did not err in refusing a new trial.

Judgment affirmed.